1              UNITED STATES BANKRUPTCY COURT

2              WESTERN DISTRICT OF WASHINGTON

3                     AT SEATTLE

4

5

   _____
6                                  )
   In re:                          )
7                                  )
   Brainard Company, Inc. /        )    Case No. 05-11245
8  Shadowlane, Inc., Joint Venture,)
                                   )
9              Debtor.             )
   _____
10
              TRANSCRIPT OF DIGITAL PROCEEDINGS
11
        BEFORE THE HONORABLE SAMUEL J. STEINER
12
                   MARCH 25, 2005
13 _____

14

15                     RULING ONLY

16

17

18

19

20

21

22

23

24

25    Transcribed from digital recording by: Shari L. Ahearn, CCR

1                              APPEARANCES

2

3

4

5      For the Debtor:              MR. DARREL B. CARTER
                                    Attorney at Law
6                                   800 Bellevue Way N.E.
                                    Suite 400
7                                   Bellevue, WA  98004
                                    (425) 990-5580
8

9      For Robert Comiskey:         MR. MARTIN E. SNODGRASS
                                    Attorney at Law
10                                  10900 N.E. 4th Street
                                    Suite 850
11                                  Bellevue, WA  98004
                                    (425) 454-4122

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              SEATTLE, WASHINGTON; MARCH 25, 2005

2

3                  RULING ONLY

4

5            TRANSCRIPT OF DIGITAL RECORDING

6                   --oo0oo--

7        THE COURT:  All right.  As I told you before,

8    we've spent a great deal of time on this.  And for

9    the reasons I'm about to go into, I'm going to grant

10   the motion for relief from the stay.

11       First, insofar as the paperwork is concerned,

12   the debtor's response is unsupported by any properly

13   submitted evidence.  There are no declarations

14   regarding the facts, and the exhibits are simply

15   attached to the response.

16       Second, I agree with the moving party that this

17   is, in effect, a bad-faith filing.

18       It is certainly true that the debtor was not

19   created for the purpose of the transfer of the

20   property to it but has in fact existed for several

21   years.  However, it is extremely troublesome, from

22   these facts that show the property was initially

23   transferred by this debtor to the LLC and then back

24   from the LLC to the debtor on the eve of a

25   bankruptcy filing.  It gives the appearance of some

1          sort of a shell game, particularly in view of the

2          fact that this is the second Chapter 11 filing

3          involving this particular parcel of property.

4               Beyond that, other indicia of bad faith or of

5          the new entity syndrome are present; or perhaps I

6          should say the old entity syndrome.

7               Here we have a transfer of the property on the

8          eve of foreclosure for no consideration.  This is a

9          single-asset case.  The debtor has no business and

10         has apparently few or no employees.  Insofar as I

11         know, there is no priority or unsecured debt.  And

12         there's no ability to service the secured debt on

13         the property other than from the property.

14              Incidentally, Counsel, I don't know how deeply

15         you went into your briefing.  But in 1990, I wrote

16         an opinion on this in the matter of Meyers Way

17         Development, Limited Partnership, which is 116 BR

18         239.

19              Of course, you know, at the center of the

20         dispute is this subordination agreement.  I conclude

21         that the debtor's belief, which is to the effect

22         that its position regarding the agreement is legally

23         correct, does not rise to the level of a good-faith

24         reason for the transfer of this property.

25              Finally, I have some problems with the debtor's

1    analysis of encumbrances.  As we indicated before,

2    the first is getting -- the balance on that is

3    getting close to a million dollars.  The debtor

4    hasn't factored in the $11,000 due in real estate

5    taxes, and we don't have a current appraisal on the

6    property.

7     As I said, for the reasons I have indicated,

8    the motion will be granted prospectively.

9     Now, if the debtor here feels that Andrews and

10   Comiskey have somehow violated this subordination

11   agreement, the debtor ought to sue them.

12    So, Mr. Snodgrass, I'll leave it up to you to

13   present an order, and I will -- I want a transcript

14   of this oral ruling made for the record.

15    All right.  All concerned, thank you very much.

16    MR. SNODGRASS:  Thank you, Your Honor.  I think

17   I can scratch up my order and get it to you right

18   now.

19    THE COURT:  All right.

20

21     (THE PROCEEDINGS IN THIS MATTER WERE

22      CONCLUDED.)

23

24

25

```
 1                    C E R T I F I C A T E

 2

 3        I, Shari L. Ahearn, hereby certify that:

 4

 5            the foregoing pages represent an accurate and

 6            complete transcription, to the best of my ability,

 7            from the digitally recorded proceedings before

 8            The Honorable U.S. Bankruptcy Judge presiding in

 9            the aforementioned matter; and

10

11            that these pages constitute the original or a

12            true copy of the transcript of the digitally

13            recorded proceedings.

14

15

16        Signed and dated this 15th day of April, 2005.

17

18

19

20

21

22

                          by:  /s/ Shari L. Ahearn
23                             Certified Court Reporter
                               CCR# 2396
24

25
```